

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2005

# Barshinger v. Buffington

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Barshinger v. Buffington" (2005). *2005 Decisions*. Paper 1302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-2908

_____

MARK W. BARSHINGER and
HENRIETTA D. BARSHINGER,

*Appellants*

v.

STEVEN R. BUFFINGTON; FRANCIS N. NEWHAMS;
DARRAGH'S AUTO BODY and THE CITY OF YORK.

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 03-cv-00506)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a):
April 18, 2005
Before: ROTH, FUENTES and BECKER, *Circuit Judges*.

(Filed: April 28, 2005)

_____

OPINION

_____

BECKER, *Circuit Judge*.

Plaintiffs Mark W. Barshinger ("Barshinger") and Henrietta D. Barshinger appeal

from an order of the District Court granting summary judgment to defendants Steven R. Buffington, Francis N. Newhams, Darragh's Auto Body and the City of York. It would be difficult to improve upon the comprehensive discussion of the facts and the merits contained in the District Court's opinion, and, our scope of review being *de novo*, we affirm essentially for the reasons set forth therein.

As the District Court explained, with respect to the unlawful search and seizure claim, the undisputed facts of record establish that appellants' building had serious structural problems; the roof was partially collapsed; the rear wall of the home was completely gone; the walls were deteriorating; and Barshinger exacerbated the situation by placing numerous vehicles on the first floor and basement of the property. As we read the record, there were exigent circumstances that justified the warrantless entry into the property on October 4, 2001.

At all events, the District Court properly concluded that appellees Newhams and Buffington were immune from liability on the unlawful search and seizure claim because the law was not clearly established at the time that they acted. With respect to the malicious prosecution claim, it is undisputed in this case that Mark Barshinger was found guilty on several of the October 2001 citations issued against him, and hence he cannot establish an essential element of a malicious prosecution claim. With respect to the May 2002 citations, there was no lack of probable cause to support the charges, as the property remained hazardous.

Finally, Mark Barshinger's First Amendment retaliation claims are patently without merit. The record establishes that defendant Buffington acted within his municipal authority to issue the citations for the violations of the fire code; the record is devoid of any evidence of improper motive; and the record does not support the contention that Buffington retaliated against Mark Barshinger or that the asserted violations were mere "pretext" for his decision.

The judgment of the District Court will be affirmed.